[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The sole assignment of error, which alleges that the trial court erred in granting the motion for summary judgment filed by defendants-appellees The Kroger Co. and Rick Huberfeld, is overruled.
The trial court did not err in granting summary judgment on Edward Obermeyer's claim for tortious interference with a business relationship. The basis of an action for interference with a business relationship is that one who, without privilege to do so, induces or otherwise causes a third party not to enter into, or continue, a business relationship with another, or to perform a contract with another, is liable to the other for the harm caused thereby. See Juhasz v. Quik Shops, Inc. (1977), 55 Ohio App.2d 51,379 N.E.2d 235. Generally, an employee has a right to pursue his employment free from unwarranted interference by third persons, and one who maliciously or wantonly procures the discharge of an at-will employee is liable to the employee in an action for damages. See Contadino v. Tilow (1990), 68 Ohio App.3d 463,589 N.E.2d 48; Smith v. Klein (1985), 23 Ohio App.3d 146,492 N.E.2d 852. The doctrine of privilege is applicable to tortious-interference cases. Smith v. Klein, supra. Acts performed within a business relationship are considered to be subject to a qualified privilege. Id.; Chandler Assoc., Inc. v.America's Healthcare Alliance, Inc. (1997), 125 Ohio App.3d 572,709 N.E.2d 190. To overcome a qualified privilege, the plaintiff must show that the tortfeasor acted with actual malice. Id.
The conduct alleged by Edward Obermeyer does not constitute tortious interference with his employment. At no time did The Kroger Co. or Huberfeld seek to have Obermeyer's employment terminated. The Kroger Co. and Huberfeld were privileged, by virtue of their business relationship with Obermeyer's employer, to request that Obermeyer not call on them. There is no evidence that The Kroger Co. or Huberfeld exceeded the scope of that privilege or acted maliciously or wantonly. See Sawyer v. Devore
(Nov. 3, 1994), Cuyahoga App. No. 65306, unreported; James v. BigBear Stores Co. (Jan. 27, 1994), Franklin App. No. 93AP-325, unreported.
The trial court did not err in granting summary judgement on Edward Obermeyer's claim for intentional infliction of emotional distress, because the alleged conduct was not outrageous and extreme, and because there was no evidence of serious emotional distress. See Ekunsumi v. Cincinnati Restoration, Inc. (1997),120 Ohio App.3d 557, 698 N.E.2d 503; Trader v. People WorkingCooperatively, Inc. (1994), 104 Ohio App.3d 690, 663 N.E.2d 335.
Because there was no claim for which Edward Obermeyer was entitled to recover, the trial court did not err in granting summary judgment on Janet Obermeyer's claim for loss of consortium. See Bowen v. Kil-Kare, Inc. (1992), 63 Ohio St.3d 84,585 N.E.2d 384.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.
 _______________________________ Presiding Judge